[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Town of East Hampton appeals a decision of the defendant commissioner of social services ordering the town to pay general assistance medical benefits to the defendant hospital in behalf of its patient, Richard Grover, a resident of the town. The commissioner acted pursuant to General Statutes § 17-274. The town appeals pursuant to § 4-183. The court finds the issues in favor of the defendants.
During the period May 9, 1992 to May 26, 1992, Grover was a patient in the defendant hospital. On June CT Page 7450 26, 1992, the hospital filed with the plaintiff town an application for general assistance medical aid in behalf of Grover, pursuant to General Statutes § 17-274. The town rejected the application for the reason that Grover had transferred assets for less than their fair market value within the twenty-four month period prior to his hospitalization.
The hospital requested a hearing before the department of social services, which is responsible for adjudicating contested general assistance claims. Following the hearing, the department's hearing officer rendered a final decision concluding that the town was liable for the benefits under § 17-274 and the regulations promulgated thereunder.
The hearing officer found the following facts. About a year prior to his hospitalization, in September 1991, Grover quitclaimed the house where he had been living in consideration of the new owner (an unrelated third party) assuming liens and encumbrances that had been filed against Grover in the amount of $50,994. This was well below the fair market value. At the time of the transfer, Grover and his wife were in serious financial trouble. The hearing officer found that the transfer was "due to his financial duress at the time, unrelated to the hospitalization in May 1992." The officer further found that Grover made the transfer "for a purpose other than for qualifying for General Assistance medical aid."
On the basis of the factual findings summarized above and the provisions of 17-274, the hearing officer concluded that Grover was eligible for general assistance medical benefits from the town. Accordingly, he dismissed the town's appeal and ordered the town to continue processing the hospital's application.
The sole basis of the town's appeal is that the hearing officer erroneously interpreted the applicable statute and regulations in allowing the hospital's claim. Specifically, the plaintiff argues that Grover's transfer of his house for less than the fair market value did not fall within any of the exceptions set forth in the applicable section of the department's Uniform Policy Manual, Regs., Conn. State Agencies § 17-3a-21. CT Page 7451 Therefore, it argues, he was not entitled to general assistance benefits under § 17-274.
General Statutes § 17-274 requires municipalities to pay for medical services rendered to indigent residents It further provides that a hospital may apply to the municipality for direct reimbursement for such services. The proviso relevant to this case is that the patient has "not made, within twenty-four months prior to the date of application for such aid an assignment or transfer or other disposition of property for less than the fair market value, for the purpose of establishing eligibility for benefits or assistance under this chapter. Any such' disposition shall be presumed to have been made for the purpose of establishing eligibility for benefits or assistance unless such person furnishes convincing evidence to establish that the transaction was exclusively for some other purpose."
Section § 17-3a-21 of the regulations provides that all transfers made within twenty-four months prior to application are presumed to have been made for the purpose of qualifying for benefits, with certain enumerated exceptions, none of which pertain to the facts of the present case. At the end of that regulation, there is the following note: "If a person could not reasonably have expected to need general assistance at the time of the transfer, fair value need not have been received. . . ."
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id. "If the administrative record provides substantial CT Page 7452 evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
In the present case, there was ample substantial evidence to support the hearing officer's finding that, at the time they quitclaimed their home to the third party, in 1991, Grover and his wife were unemployed, deeply in debt and unable to meet their financial obligations. They both testified to that effect and also that they believed it was necessary immediately to get rid of the house because of the financial drain it imposed. There was no conflicting evidence on that point. In the light of that uncontradicted evidence, it was entirely reasonable for the hearing officer to find, as he did, that the transfer was exclusively for some purpose other than qualifying for benefits under § 17-274. The hearing officer's conclusion in this regard was further strengthened by the fact that Grover did not even apply for the benefits until nearly one year after the transfer of his house.
The hearing officer also found that the transfer was "unrelated to the hospitalization in May 1992." In effect, the officer found that Grover "could not reasonably have expected to need general assistance at the time of the transfer," within the meaning of the regulation. Again, Grover's testimony amply supported this finding.
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement."Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commissionon Hospitals and Health Care, 200 Conn. 489, 497 (1986). It is undisputed that the department of social services is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes CT Page 7453 and regulations given by the department. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376.
In the present case, the hearing officer concluded that General Statutes § 17-274 requires the town to provide assistance to Grover because the evidence convinced him that the transfer was not done for the purpose of qualifying for general assistance benefits. In accordance with the authorities cited above, the court finds that the decision must be affirmed both as to the officer's findings of facts and conclusions of law.
The appeal is dismissed.
MALONEY, J.